# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

IN RE:                                )
                                      )
   NATALIE M. ROWE                    )       CASE NO.  07-30829(1)(7)
                                      )
              Debtor(s)               )

## MEMORANDUM-OPINION

This matter is before the Court on the Joint Motion of Trustee Gordon A. Rowe, Jr. ("Trustee") and Creditor James McCubbin ("Creditor") to Reconsider and Vacate Entry of Order of Discharge.  The Court considered the Motion of the Trustee and Creditor, as well as the Objection to the Motion to Reconsider filed by Debtor Natalie Rowe ("Debtor"), the Reply of the Trustee and Creditor and the comments of counsel for the parties at the hearing held on the matter.  For the following reasons, the Court will **GRANT** the Trustee and the Creditor's Motion to Reconsider and enter an Order setting aside the Order of Discharge entered on December 28, 2015.

## FACTS

On March 12, 2007, an Involuntary Petition was filed against Debtor under Chapter 7 of the United States Bankruptcy Code.

On July 1, 2008, the Trustee filed AP No. 07-3080 against Debtor seeking a denial of the Debtor's discharge pursuant to 11 U.S.C. § 727.  The Complaint alleged various instances where Debtor had willfully violated this Court's Orders hindering the Trustee's efforts.

The Debtor failed to respond and/or otherwise answer the Trustee's Complaint.  Therefore, on September 12, 2008, this Court entered an Order granting the Trustee's Motion for Default.  The Order specifically awarded Trustee $27,350, plus attorneys' fees due to Debtor's failure to comply

with a previous Order of this Court. The Order specifically stated, "C. Defendant is DENIED a discharge in bankruptcy." Debtor did not appeal or otherwise challenge the Order of September 12, 2008.

On November 4, 2010, in the main bankruptcy case, the Clerk of Court entered a Notice of Chapter 7 Case Closed Without Discharge which stated:

> Final Decree, discharging trustee, if applicable, and canceling bond. Case closed without discharge. Debtor has not filed a Financial Management Course Certificate proving compliance with the required instructional course requirement for discharge. If the debtor(s) subsequently file(s) a Motion to Reopen the Case to allow for the filing of the Financial Management Course Certificate, the debtor(s) must pay the full filing fee due for filing such a motion. (Schiller, V)

On December 22, 2015, Debtor filed a Motion to Reopen Case to file the Financial Management Certificate and receive discharge. On December 28, 2015, this Court entered an Order of Discharge.

## **LEGAL ANALYSIS**

Trustee and Creditor seek an Order setting aside the Order of Discharge granted to Debtor on December 28, 2015. Trustee and Creditor contend that the Order granting the Trustee's Motion for Default Judgment in AP 08-3080 specifically barred the Debtor from receiving a discharge in her main bankruptcy case. The Court agrees that Debtor should not have been granted a discharge for her debts in this bankruptcy case.

The Order dated September 12, 2008 in the adversary proceeding was very specific and stated that Debtor was denied a discharge in her bankruptcy case. The Judgment was a final Order that was not appealed by the Debtor. It did not limit the denial of discharge as to only the debt owed to the Trustee, but was a denial of discharge as to all debts in the Debtor's bankruptcy case. That

Order cannot now be set aside simply because the Debtor filed her Financial Management Certificate.

Debtor contends the Order of November 4, 2010 should be interpreted to mean that if the Debtor filed her Financial Management Certificate, she would be entitled to a discharge. This, however, is not what the Order stated. The Order does not state that if Debtor moves to reopen the case and files the Financial Management Certificate she will be entitled to a discharge. It simply states "if Debtor subsequently files a Motion to Reopen the Case to allow for the filing of the certificate, the Debtor must pay the full filing fee due for filing such a motion."

Finally, Debtor contends the Trustee and Creditor's Motion to Reconsider the Order Entering Discharge was untimely. Debtor is incorrect. The Motion was timely filed pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure. Accordingly, the Trustee and Creditor's Joint Motion is well taken and the Order of Discharge will be set aside.

## **CONCLUSION**

For all of the above reasons, the Joint Motion of Trustee Gordon A. Rowe, Jr. and Creditor James McCubbin to Reconsider and Vacate Entry of Order of Discharge will be **GRANTED**. An Order accompanies this Memorandum-Opinion.

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

IN RE:                              )
                                    )
    NATALIE M. ROWE                 )         CASE NO.  07-30829(1)(7)
                                    )
             Debtor(s)              )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Joint Motion of Trustee Gordon A. Rowe, Jr. and Creditor James McCubbin to Reconsider and Vacate Entry of Order of Discharge, be and hereby is, **GRANTED**. The Debtor's Order of Discharge will be set aside by separate Order.

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NATALIE M. ROWE | ) | CASE NO. 07-30829(1)(7) |
| | ) | |
| Debtor(s) | ) | |

## **ORDER**

The Order of Discharge entered on December 28, 2015, was entered erroneously by the Clerk of Court. Debtor is not entitled to a discharge of her debts and the December 28, 2015 Order of Discharge is set aside and vacated.